DLD-091                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3363
_____

DOMINIQUE JOHNSON,
a/k/a THE CONFINED HUMAN COLLECTIVE,
Appellant

v.

TD BANK NATIONAL ASSOCIATION; DENNIS K WOLF;
REGINA LASIEWSKI; YANNA PANAGOPOULOS; BERRY BREZNICKY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:22-cv-04108)
District Judge:  Honorable Gene E.K. Pratter
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 15, 2023
Before:  JORDAN, SHWARTZ, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 24, 2023)
_____

OPINION[*]
_____

**PER CURIAM**

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Dominique Johnson appeals pro se from the District Court's order dismissing his complaint. For the reasons set forth below, we will summarily affirm the District Court's judgment.

I.

In October 2022, Johnson initiated this action pursuant to 42 U.S.C. § 1983 against TD Bank National Association ("TD Bank") and TD Bank employees Dennis K. Wolf, Regina Lasiewski, Yanna Panagopoulos, and Barry Breznicky. Johnson asserted violations of his constitutional rights and several state-law torts arising out of his arrest for an armed robbery committed at a Pennsylvania branch of TD Bank in July 2009.[1] He alleged that Wolf misidentified him as the perpetrator of the robbery, that Lasiewski identified someone else as the perpetrator, and that TD Bank failed to adequately train and discipline its employees, resulting in, inter alia, his false arrest and imprisonment.

The District Court screened Johnson's complaint under 28 U.S.C. § 1915(e)(2)(B) and dismissed his federal claims upon concluding that Johnson failed to plausibly allege that the defendants are state actors subject to suit under § 1983. The District Court also dismissed Johnson's state-law claims without prejudice for lack of subject matter jurisdiction. Johnson timely appealed.

---

[1] As the District Court acknowledged, Johnson is currently serving an 835-month term of imprisonment for convictions arising out of a string of bank robberies committed in Pennsylvania in 2009. See United States v. Johnson, 899 F.3d 191, 196 (3d Cir. 2018); see also McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009) (noting that a district court is permitted to review matters of public record and take judicial notice of a prior judicial opinion).

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's sua sponte dismissal of the complaint. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may summarily affirm if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

## III.

To state a claim under § 1983, a plaintiff must allege that he "was deprived of a federal constitutional or statutory right by a state actor." Leshko v. Servis, 423 F.3d 337, 339 (3d Cir. 2005). In distinguishing between state actors and private persons, "[t]he principal question at stake is whether there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Id. (citation and internal quotation marks omitted).

Here, Johnson argues that the defendants are state actors because (1) TD Bank is regulated by the government, including through its participation in the Federal Deposit Insurance Corporation; (2) federal law criminalizes bank robbery; and (3) TD Bank and its employees provided information in the investigation of the robbery at issue.[2] But

---

[2] Considering that Johnson relies on federal regulation and assistance in a federal investigation in contending that the defendants are state actors, his suit is arguably more properly characterized as one under Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). However, such recharacterization would not alter our analysis because Johnson would still be required to show that the defendants have "violated [his] rights under color of federal law." Brown v. Philip Morris Inc., 250 F.3d 789, 800 (3d Cir. 2001).

3

"[t]he mere fact that a business is subject to . . . regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment." Jackson v. Metro. Edison Co., 419 U.S. 345, 350 (1974). Likewise, the defendants are not state actors based on Johnson's allegations that TD Bank, Wolf, and Lasiewski merely provided information to police as part of a criminal investigation. See Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009) (describing circumstances in which state action exists). Thus, we agree with the District Court's decision to dismiss Johnson's federal claims.[3]

The District Court also did not abuse its discretion in declining to exercise supplemental jurisdiction over Johnson's state-law claims. See Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 175 (3d Cir. 1999). A court may decline to exercise supplemental jurisdiction "under 28 U.S.C. § 1367(c)(3) when it dismisses all claims over which it has original jurisdiction." Doe v. Mercy Cath. Med. Ctr., 850 F.3d 545, 567 (3d Cir. 2017). While Johnson has alleged that TD Bank has its headquarters in New Jersey, he identified himself as a citizen of Pennsylvania, provided Pennsylvania addresses for several defendants, and has never alleged that there is complete diversity of citizenship as is required to confer jurisdiction under 28 U.S.C. § 1332. See Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005). Thus, the District Court lacked an independent basis for subject matter jurisdiction over the state-law claims. See § 1332(a); Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013).

---

[3] The District Court also properly dismissed Johnson's claims against defendants Panagopoulos and Breznicky, as Johnson made no factual allegations against them.

4

Finally, considering the foregoing, the District Court did not err in dismissing the complaint without leave to amend; as the District Court explained, amendment would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Accordingly, we will summarily affirm the District Court's judgment.[4]

---

[4] Johnson's motion to exceed the page limit for his argument in support of his appeal is granted.